UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:                                                                        CASE NO.  13-34871-EPK

ERIC BLOOM,                                                          CHAPTER 7

       Debtor.
_____/

**DEBTOR'S RESPONSE IN OPPOSITION TO**
**ROBERT GORDON'S MOTION FOR RELIEF FROM STAY**

Debtor, Eric Bloom ("Debtor") by and through his undersigned counsel, hereby responds in opposition to Robert Gordon's ("Gordon") Motion for Relief from Stay [ECF No. 25] (the "Motion") and states:

**FACTUAL BACKGROUND**

1. Long prior to the Petition Date, Gordon was appointed receiver of Legisi Marketing, Inc. and Legisi Holdings, LLC, as set forth in the Motion.

2. On March 29, 2009, Gordon commenced a FINRA Dispute Resolution Arbitration (the "Arbitration") in Michigan against the Debtor and others.

3. On October 16, 2013, the Debtor filed a petition under chapter 7.

4. On January 21, 2014, Gordon filed an adversary complaint seeking a determination that the alleged debt to Gordon, as receiver, is nondischargeable. [ECF No. 24] (Case No. 14-01125-EPK) (the "Adversary Proceeding").

5. On February 3, 2014, Gordon filed the Motion, seeking to liquidate the claims through the Arbitration. The Debtor objects.

## ANALYSIS

6.     The Debtor objects, because, as articulated by Gordon, modification of the stay requires, pursuant to 11 U.S.C. § 362(d)(1), that there be cause. Here no such cause exists. Gordon argues that he should be permitted to liquidate the claim in Michigan, so as to avoid multiple proceedings. That argument, however, is equally true of the Debtor. If the stay is modified, Gordon will be able to liquidate the claim in the Arbitration, but the now bankrupt Debtor will be forced to defend both an Arbitration in Michigan *and* a dischargeability Adversary Proceeding in Florida.

7.     This Court, however, is the appropriate forum to both liquidate *and* determine the dischargeability of the claim. This is the appropriate Court to determine the dischargeability of the debt. *In re Chan,* 355 B.R. 494, 504 (Bankr.E.D.Penn. 2006) (finding "§ 523(a)(19) [not] to be a discharge exception, unique in § 523(a), mandating that all liability and dischargeability determinations take place in a non-bankruptcy forum"). Furthermore, as Judge Isicoff recently noted, "virtually every court to consider the issue of whether the Bankruptcy Court has jurisdiction under the Bankruptcy Code to liquidate a claim in connection with a dischargeability action has found that jurisdiction exists. . . ." *Neves v. Neves (In re Neves),* 500 B.R. 651 (Bankr.S.D.Fla. 2013).

8.     As such, judicial economy is served, not by having two parallel proceedings, as Gordon argues, but by allowing the Debtor a single proceeding, in his home state, to determine both the existence and dischargeability of any alleged debt to Gordon.

WHEREFORE, the Debtor requests this Court deny the Motion, and grant such other and further relief as is just and appropriate.

>Respectfully submitted,
>
>**MARSHALL SOCARRAS GRANT, P.L.**
>Attorneys for Debtor
>197 South Federal Highway, Suite 300
>Boca Raton, Florida 33432
>Telephone No. 561.672.7580
>Facsimile No. 561.672.7581
>Email: efile@msglaw.com
>
>By:  /s/ Joe M. Grant
>     JOE M. GRANT
>     Florida Bar No. 137758

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that today, I electronically filed this document with the Clerk of Court using CM/ECF.  I also certify that the document and its attachments are being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

>By:    /s/ Joe M. Grant
>       Joe M. Grant

## SERVICE LIST

**VIA CMECF:**

**13-34871-EPK Notice will be electronically mailed to:**

Daniel DeSouza on behalf of Plaintiff Legisi Holdings, L.L.C.
ddesouza@bplegal.com, cgellman@bplegal.com;tfritz@bplegal.com

Daniel DeSouza on behalf of Plaintiff Legisi Marketing Inc.
ddesouza@bplegal.com, cgellman@bplegal.com;tfritz@bplegal.com

Daniel DeSouza on behalf of Plaintiff Robert D. Gordon
ddesouza@bplegal.com, cgellman@bplegal.com;tfritz@bplegal.com

Daniel DeSouza on behalf of Respondent Robert D. Gordon
ddesouza@bplegal.com, cgellman@bplegal.com;tfritz@bplegal.com

Joe M. Grant, Esq. on behalf of Debtor Eric L. Bloom
jgrant@msglaw.com, efile@msglaw.com;mg197ecfbox@gmail.com

Deborah Menotte
menottetrustee@gmail.com, FL43@ecfcbis.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov